IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Allen Jackson, IV, | ) C/A No. 0:10-2415-JMC-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| John Owen, Warden, | ) |
| Respondent. | ) |

The Petitioner, a self-represented federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening. Having reviewed the Petition and applicable law, the court finds that the Petition must be summarily dismissed.

## PRO SE HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254

*PJG*

Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

*PJG*

## BACKGROUND

Petitioner is serving a 15-year sentence, which was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2, possession of firearms by a convicted felon and aiding and abetting the same. Petitioner pled guilty pursuant to a plea agreement in the United States District Court for the Eastern District of North Carolina on May 7, 2007. He was sentenced by the Honorable W. Earl Britt, Senior United States District Judge, on November 6, 2007.

Petitioner alleges that he filed a motion under 28 U.S.C. § 2255 in May 2008, in which he alleged that his conviction and sentence violated the Sixth Amendment based on the ineffective assistance of his counsel who (1) failed to appeal the applicability of the ACCA and Petitioner's enhanced sentence, which allegedly exceeded the maximum sentence allowed under the statute; and (2) failed to object to the supervised release component of his sentence, which also resulted in a total sentence that exceeded the statutory maximum sentence. Petitioner alleges that his § 2255 motion was denied in June 2008 and a certificate of appealability was also denied by the district court. Petitioner then filed a Rule 59(e) Motion to Alter/Amend Judgment, which was likewise denied by the district court. In August 2008, Petitioner "sought application for a Certificate of Appealability from the Fourth Circuit." The Fourth Circuit directed Petitioner to file an informal brief, but due to numerous lockdowns at United States Penitentiary Lee from August through October 2008, and due to the transfer of the law clerk who initiated the

*PJG*

§ 2255 petition for Petitioner, Petitioner was unable to file the brief and his request was dismissed by the Fourth Circuit in October 2008. (Pet., ECF No. at 1-3).[1]

Petitioner now files this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, purportedly "seeking review of the 'execution' of petitioner[']s sentence" (Pet., ECF No. 1 at 1), but asserting that the question raised is "whether Petitioner has standing under the 'savings clause' of 28 U.S.C. § 2255 for habeas relief pursuant to 28 U.S.C. § 2241" (Pet., ECF No. 1 at 4), and acknowledging that the relief sought is that this court "find that Petitioner's circumstances falls [*sic*] within the narrow scopes of the savings clause in 28 U.S.C. § 2255" (Pet., ECF No. 1 at 15). Clearly, Petitioner is attempting to attack not the manner of the execution of his sentence, but the underlying validity his sentence, based on Petitioner's allegations that the district court erred—and his trial counsel was ineffective—in failing to recognize that he did not have the requisite three predicate "violent crimes" or "serious drug offenses" to subject him to the ACCA's sentence enhancement for his conviction of being a felon in possession of a firearm.

---

[1] The account of Petitioner's prior court proceedings in his Petition contains inaccuracies. This court takes judicial notice of United States v. Jackson, 5:06-cr-259-BR-1 (E.D.N.C.) and Jackson v. United States, 5:08-cv-245-BR (E.D.N.C.), which reflect that Petitioner's guilty plea and sentencing were not held on the same date; rather, his guilty plea was on May 7, 2007, as alleged, and his sentencing was on November 6, 2007. His first § 2255 motion was filed on May 28, 2008, not on May 8, 2008 as alleged. The district court denied his § 2255 motion on June 2, 2008. Petitioner filed his Rule 59(e) motion on June 13, 2008, which was denied by the district court on July 8, 2008. It was the denial of this motion that Petitioner appealed to the Fourth Circuit on August 13, 2008. The appeal was dismissed by the Fourth Circuit for failure to prosecute on October 22, 2008. United States v. Jackson, 5:06-cr-259-BR-1 (E.D.N.C.), ECF Nos. 76, 79, 86, & 88; see Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## DISCUSSION

Title 28 U.S.C. § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is generally not available where the underlying validity of the conviction and sentence is being challenged. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (collecting cases from other circuits); see also United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "execution of the sentence rather than the sentence itself"). However, when a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, may § 2241 be used to attack a federal conviction and sentence. 28 U.S.C. § 2255(e).

To trigger the "savings clause" of § 2255(e) and proceed under § 2241, Petitioner must meet the specific requirements set forth in In re Jones, 226 F.3d 328 (4th Cir. 2000). In Jones, the Fourth Circuit held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333-34. Here, Petitioner makes no allegations that, subsequent to his first § 2255 motion, the substantive law changed such that the conduct of which he was convicted, i.e. being a felon in possession of a firearm, was deemed not to be criminal due to a new rule that is not a rule of constitutional law.

Nor does Petitioner allege that he is actually innocent of any of the predicate offenses of which he was convicted and sentenced in state court which the district court



relied upon to enhance his sentence for the firearm conviction. Petitioner alleges only that the district court should not have found him to be an armed career criminal and sentenced him as such because he was legally innocent of having the required three predicate convictions for a violent crime or a serious drug offense, or both.

In attempting to satisfy the "savings clause" of § 2255(e), Petitioner merely alleges that he "is of the firm opinion, that in the case sub-judice, a complete miscarriage of justice is evident. In that, Petitioner is being punished for 'an act' much more severely than is required by law." (Pet., ECF No. 1 at 14.) Petitioner's conclusory allegation that his enhanced sentence constitutes a miscarriage of justice is liberally construed as an attempt by Petitioner to allege that he is "actually innocent" so as satisfy the Fourth Circuit's criteria for a showing of "actual innocence" under United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999), and United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994). However, even assuming that a petitioner could challenge his sentence under § 2241 based on being actually innocent of the sentence, Petitioner's unsupported claim that he is "legally innocent" of being an armed career criminal under the ACCA does not meet the Fourth Circuit's "actual innocence" test and does not require this court to consider the merits of his Petition. See United States v. Pettiford, 612 F.3d 270, 283-84 (4th Cir. 2010). Accordingly, the instant § 2241 Petition should be summarily dismissed because it does not satisfy the "savings clause" of § 2255(e).

## RECOMMENDATION

Accordingly, the court recommends that the Petition be dismissed without prejudice and without issuance and service of process. See 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim upon which relief may be granted); 28 U.S.C. § 1915A (as soon as possible



after docketing, district courts should review prisoner cases to determine whether they are

subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 3, 2010
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).